IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Christopher Shane Phillips, ) | Civil Action No.:2:12-589-GRA-BHH |
| ) Petitioner, ) | |
| ) v. ) | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| ) Warden of Kirkland Correctional ) Institution, ) | |
| ) Respondent. ) | |

The Petitioner, a state prisoner, seeks habeas relief for state convictions pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 16; see also Dkt. No. 17.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about February 28, 2012. (Dkt. No. 1.) On June 13, 2012, Respondent moved for summary judgment. (Dkt. No. 16; see also Dkt. No. 17.) Petitioner filed his Response in Opposition on or about June 21, 2012. (Dkt. No. 20.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at Kirkland Correctional Institution. In July of 2005, the York County Grand Jury indicted Petitioner for (a) criminal sexual conduct ("CSC") in the first degree, (b) kidnapping, and (c) grand larceny. (Dkt. No. 17-1 at 46-53 of 55.) B.J. Barrowclough, Esquire, represented Petitioner on these charges. (Id. at 3 of 55.) Petitioner pled guilty to these charges on March 20, 2006, before the Honorable J. Derham Cole. (Dkt. No. 17-1 at 3-45 of 55.) Judge Cole sentenced Petitioner to thirty years on the CSC charge;

five years, concurrent, for grand larceny; and thirty years, consecutive to the sentence on the CSC charge, for kidnapping. (Id. at 43-44 of 55.)

Petitioner appealed and was represented on appeal by Aileen P. Clare, Esquire, of the South Carolina Commission on Indigent Defense. (Dkt. No. 17-2.) In the Final Anders Brief of Appellant, Petitioner raised the following issue:[1] "Is appellant's sentence unconstitutionally disproportionate?" (Dkt. No. 17-2 at 4 of 10.) Ms. Clare also filed a Petition to Be Relieved as Counsel. (Id. at 8 of 10.)

In an unpublished opinion filed on October 9, 2007, the South Carolina Court of Appeals dismissed the appeal and granted counsel's motion to be relieved. (Dkt. No. 17-3.) The remittitur was issued on October 25, 2007. (Dkt. No. 17-4.)

On or about December 18, 2008, Petitioner filed an application for Post-Conviction Relief ("PCR"). (Dkt. No. 17-5.) The following question and answer appear on his PCR application:

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
> (a) did not do this crime
>
> (b) Public Defender did not help me or do his job
>
> (c) I was verbally forced to say that I did this crime and I was railroaded.

(Dkt. No. 17-5 at 3 of 8.)

On February 26, 2009, the State filed a Return and Motion to Dismiss the PCR action. (Dkt. No. 17-6.) In that Return and Motion, the State argued the PCR action should be dismissed "because it was filed after the statute of limitations had expired." (Id. at 4 of 5.)

On March 3, 2009, the Court issued a Conditional Order of Dismissal, wherein the Court concluded that the PCR application was barred by the statute of limitations. (Dkt. No.

---

[1] See Anders v. California, 386 U.S. 738 (1967).

17-11.) The Clerk mailed a copy of that Conditional Order to Petitioner on March 3, 2009. (See Dkt. No. 17-8 at 2 of 3.) The Conditional Order gave Petitioner twenty days from the date of service of the Order to show why the Order should not become final. (Dkt. No. 17-11 at 4 of 5.) Petitioner did not file a response, and the Honorable John C. Hayes, III, signed a Final Order of Dismissal on July 7, 2009. (Dkt. No. 17-8.) The Final Order was filed on July 16, 2009. (Id.) The PCR application was dismissed with prejudice "for the reasons set forth in the Court's Conditional Order of Dismissal." (Id. at 3 of 3.)

Petitioner did not timely serve a Notice of Appeal of Judge Hayes' order.

However, on or about February 19, 2010, Petitioner filed a second PCR application. (Dkt. No. 17-9.) In this application, he claimed that he is being held in custody unlawfully due to "cruel and unusual punishment–I feel I was railroad[ed]." (Dkt. No. 17-9 at 3 of 16.) The State filed a Return and Motion to Dismiss on December 6, 2011, seeking dismissal "because [the application] is successive to the Applicant's prior PCR action and was filed after the statute of limitations had expired." (Dkt. No. 17-10 at 5 of 6.) On December 9, 2011, the Court issued a Conditional Order of Dismissal, and on February 13, 2012, a Final Order of Dismissal was filed. (Dkt. No. 17-13.) The Final Order noted that Petitioner replied to the Conditional Order, indicating he did not file before the statutory deadline due to the medications he was taking at the time. (Dkt. No. 17-13 at 3 of 6.) In the Final Order, Judge Hayes dismissed the second PCR application with prejudice, finding the application was filed "well after the statutory filing period had expired." (Id. at 4 of 6.)

While the second PCR application was pending, Petitioner filed a third application for PCR on or about November 4, 2010. (Dkt. No. 17-14.) The following questions and answers appeared on his third application:

> 10. State concisely the grounds on which you base your allegation that you are being held in custody unlawfully:
>
> (a) No evidence
>
> (b) Jurisdiction should been [sic] federal case

3

(c) Not mental [sic] stable

11. State concisely and in the same order the facts which support each of the grounds set out in (10).

(a) had no DNA no proof

(b) Jurisdiction

(c) I was on 2 different medications at time and ill

(Dkt. No. 17-14 at 3 of 9.) The State filed a Return and Motion to Dismiss on December 6, 2011. (Dkt. No. 17-15.)[2] Judge Hayes signed a Conditional Order of Dismissal on December 9, 2011. (Dkt. No. 17-16.) According to Respondent, at the time the Motion for Summary Judgment was filed in the instant case, a Final Order had not been filed in the third PCR action. (See Dkt. No. 17 at 5 of 23.)

Petitioner filed his federal habeas petition on or about February 28, 2012. (Dkt. No. 1.) Petitioner raised the following grounds for review therein (verbatim):

**Ground One**: Ineffective assistance of counsel.
**Supporting Facts**: Public defender got me to plead guilty by say I would only get 10 years if I plea out to judge he knew I was on medication called Thorazine, Seraqeal and could not understand what I was doing because med's and I ask him to get me change venue and in court room he would not speak for me and he refuse to tell me anything about my case he his self took my case personal.

**Ground Two:** cruel and unusual punishment.
**Supporting Facts**: Do to the fact that at the time me being so young at time and I did plead guilty I still got the max sentence on all charges even after my attorney said I would only get 10 years for all charges.

**Ground Three**: I'm mental ill
**Supporting Facts**: I been on mental health all my life I don't really understand what goes on to much or what I do I sent from Feb 1998 to Dec 23 2000 in mental institution been in and out mental wards all my life the court didn't even care about that at all.

---

[2]The State filed one Return and Motion to Dismiss for both the second and third PCR applications. (See Dkt. No. 17-15.)

4

> **Ground Four**: Cop's in city of York when I was arrested fail of proper do process
> **Supporting Facts**: All of my rights were violated by the cops and Judge and the D.A. and my public defender.

(Dkt. No. 1 at 6-11 of 15.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

Respondent contends he is entitled to summary judgment in the instant case because the § 2254 petition is barred by the statute of limitations. The undersigned agrees and therefore recommends granting Respondent's Motion for Summary Judgment. (Dkt. No. 16.)

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214, an inmate who is incarcerated "pursuant to the judgment of a State court" and who seeks federal post-conviction habeas relief is subject to a

5

one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The one-year period to file a § 2254 petition commences upon the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1)(A)-(D). The one-year period to file a § 2254 petition, however, is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Id. § 2244(d)(2).

An application for post-conviction or other collateral review is not properly filed if the application is untimely under state law. Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005) ("When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." (internal quotation marks omitted) (alteration in original)). In Pace, the United States Supreme Court held that time limits on filing applications for post-conviction or collateral review are filing conditions, no matter the form of the time limit. Id. at 417. Therefore, if an application for post-conviction or collateral review is barred by a state statute of limitations, statutory tolling under § 2244(d)(2) does not apply because the application was not properly filed.

Even if the limitations period is not tolled under the statute, a § 2254 petition may nevertheless be timely if the petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The Supreme Court recognized that the limitations period may be

6

equitably tolled if the petitioner shows (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (quoting Pace, 544 U.S. at 418). Therefore, "specific circumstances . . . could warrant special treatment in an appropriate case." Id. at 2563.

Respondent contends Petitioner's convictions became final fifteen days after the South Carolina Court of Appeals issued its October 9, 2007 opinion dismissing Petitioner's appeal. (See Dkt. No. 17 at 8 of 23.) According to Respondent, because Petitioner's convictions became final on October 24, 2007, he had one year thereafter to file his habeas petition. (Dkt. No. 17 at 9 of 23.) Respondent asserts that Petitioner's first PCR application–which was filed on December 23, 2008–was not a "properly filed" PCR application. (Id.) Respondent contends that the limitations period began to run on October 24, 2007, and there was no tolling at all. (Id. at 9-10.)

Although Petitioner filed a Response in Opposition to Respondent's Motion for Summary Judgment, Petitioner did not squarely address the timeliness issue. (See Dkt. No. 20.) In the "Timeliness of Petition" section of his § 2254 application, Petitioner states, "This is the reason they keep dismissing all my P.C.R. because I didn't file within a year." (Dkt. No. 1 at 14 of 15.)

The undersigned recommends granting Respondent's Motion for Summary Judgment (Dkt. No. 16) because the instant habeas petition is barred by time. As Respondent contends, Petitioner's first PCR application was not "properly filed" because it was not timely. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling); see also Allen v. Siebert, 552 U.S. 3, 7 (2007) ("We therefore reiterate now what we held in

7

Pace: 'When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)'" (quoting Pace, 544 U.S. at 414)). Petitioner's one-year time limit therefore began running in 2007, and there has been no tolling. The instant petition is barred by time.

The undersigned further recommends concluding that Petitioner is not entitled to equitable tolling. Petitioner has not shown that he was diligent in pursuing his rights or that some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition. In short, there is no reason to conclude that Petitioner is entitled to equitable tolling. See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("Harris argues that equitable considerations justify tolling in his case because the missed deadline was the result of an innocent misreading of the statutory provision by his counsel. While we agree that the mistake by Harris' counsel appears to have been innocent, we cannot say that the lawyer's mistake in interpreting a statutory provision constitutes that 'extraordinary circumstance' external to Harris that would justify equitable tolling."); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Bogan v. South Carolina, 204 Fed. App'x 160, 160-61 (4th Cir. 2006) ("Recourse to equitable tolling must be guarded and infrequent. Consequently, equitable tolling is appropriate only when the government's wrongful conduct prevents a petitioner from filing a timely petition or when extraordinary circumstances beyond the petitioner's control make timely filing impossible. While Bogan's counsel described the reason for her error in computing the limitations period, this court has specifically stated that a calendaring mistake does not present the extraordinary circumstance where equity should step in to give the party the benefit of his erroneous understanding." (internal quotation marks and citations omitted)); Parmaei v. Jackson, 378 Fed. App'x 331, 332 (4th Cir. 2010) ("[W]e conclude that equity should operate to allow [the

8

petitioner] to pursue on § 2254 those claims that, but for the clerk's docketing failure, would have been timely before the district court."). Because Petitioner has failed to establish that he is entitled to equitable tolling, the undersigned recommends granting Respondent's Motion for Summary Judgment. See Pace, 544 U.S. at 418 (noting the petitioner has the burden of establishing he is entitled to equitable tolling); see also Robinson v. Hinkle, 610 F. Supp. 2d 533 (E.D. Va. 2009) (concluding petitioner was not entitled to equitable tolling due to an alleged mental condition because, *inter alia*, he failed to "establish a causal nexus between any alleged mental incompetency and his failure to file his petition in a timely manner").

# **CONCLUSION**

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 16) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[3]

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

November 13, 2012
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

---

[3] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).