UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Christopher Shane Phillips, | ) | C/A No.: 2:12-cv-00589-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Kirkland Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter comes before the court for a review of United States Magistrate Judge Bruce Howe Hendricks' Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C, and filed on November 13, 2012. Petitioner Christopher Shane Phillips ("Petitioner") brought this action pursuant to 28 U.S.C. § 2254 on February 28, 2012.[1] ECF No. 1.  Petitioner is currently being held in state custody at the Perry Correctional Institution and seeks habeas relief for state convictions.[2]  The Respondent filed a Motion for Summary Judgment on June 13, 2012. ECF No. 16.  After being sent an order pursuant to *Roseboro v.* Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner filed a response to Respondent's Motion on June 21, 2012. ECF Nos. 18 & 20.  Magistrate Judge Hendricks now recommends that this Court grant

---

[1] Prisoner petitions are deemed filed at the time that they are delivered to prison authorities for mailing to the court clerk.  *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Petitioner brings this action against the Warden of Kirkland Correctional Institution; however, he is currently incarcerated at Perry Correctional Institution. *See* ECF No. 25. Usually, a habeas petition should be brought against the warden of the facility where Petitioner is currently being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). An exception exists for prisoners that have been transferred to another institution while the court is deciding whether or not to grant relief to the Petitioner. *Id.* at 441 (discussing *Ex parte Endo*, 523 U.S. 283 (1944)) (The court "retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). This Court therefore retains jurisdiction over the Petition.

Respondent's Motion for Summary Judgment and dismiss Petitioner's § 2254 Petition with prejudice, because the Petition is time barred and Petitioner is not entitled to equitable tolling. Report & Recommendation 7–8, ECF No. 23. No objections have been filed to the Report and Recommendation, and the time to object has passed.[3]

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

This Court must conduct a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(c). In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Furthermore, a failure to object waives a petitioner's right to appeal. *Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

---

[3] Objections to the Report and Recommendation were due by November 30, 2012. The court clerk forwarded a copy of the Report and Recommendation to Petitioner on November 13, 2012, along with a notice that stated:
> The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. . . . "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" . . . Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. **Failure to timely file specific objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such a Recommendation.**

Report and Recommendation, ECF No. 23.

After a careful review of the record, this Court finds that the Magistrate Judge's Report and Recommendation accurately summarizes the case and applicable law. Accordingly, for the reasons articulated by the Magistrate Judge, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus is DISMISSED with prejudice, and Respondent's Motion for Summary Judgment is GRANTED. The Court declines to issue a certificate of appealability in this matter.[4]

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

December 6, 2012
Anderson, South Carolina

---

[4] When a district court issues a final ruling adverse to the Petitioner on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. §§ 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2), *see Slack v. McDaniel*, 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").